UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| H.G.S., A-240-169-769,<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT, et al.,<br>Respondents. | No. 1:26-cv-04078-DC-CKD P<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner H.G.S. is detained by Immigrations and Customs Enforcement ("ICE") and filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] The petition is fully briefed with respondents' answer and petitioner's reply. (ECF Nos. 1, 5, 6.) For the reasons set forth below, the undersigned recommends the petition be granted.

## I. Background

Petitioner is a native and citizen of Honduras who previously served in the military police of the Air Force in Honduras. (ECF No. 5-1 at 1; ECF No. 1-17.) He alleges he quit and returned to his hometown to work in agriculture, fearing retaliation from colleagues with whom he had refused to engage in drug sales. (ECF No. 1, ¶¶ 21-22.) Petitioner has no criminal record in Honduras. (ECF No. 1-18.)

[1] This case is referred to the undersigned by operation of Local Rule 302(c)(17) pursuant to 28 U.S.C. § 636.

Under the petition's allegations, petitioner fled Honduras facing death threats from criminal organizations and after he was shot twice, resulting in a permanent disability to his right foot. (ECF No. 1, ¶¶ 20-24.) Petitioner arrived in the United States in or about December 2022 and entered without inspection. (ECF No. 1, ¶ 24.) Once in the United States, petitioner developed osteomyelitis, an infection that reached his bone, and doctors amputated his right big toe and part of his forefoot in January of 2024. (Id., ¶ 24.) Petitioner's ability to walk is limited and he cannot run or climb a ladder. (Id.) He is at risk for ongoing sores and serious life-threatening infections. (Id.)

On October 17, 2024, petitioner was arrested in the Tenderloin District of San Francisco, CA, for possession with intent to distribute methamphetamine, which resulted in a conviction on November 14, 2024. (ECF No. 5-1 at 1, 3, 67.) Petitioner alleges he was selling drugs under pressure from the person who smuggled him into the United States, who worked for a cartel, to pay a debt owed. (ECF No. 1, ¶ 25.) Petitioner pleaded guilty and was sentenced to time served plus one day. (Id. at 3, 48-49.)

On November 14, 2024, ICE took petitioner from U.S. Federal Marshals' custody pursuant to a Department of Homeland Security (DHS) Warrant for Arrest. (ECF No. 1, ¶ 30; ECF No. 5-1 at 67.)

On November 15, 2024, DHS issued a Final Administrative Removal Order (FARO) under 8 U.S.C. § 1228(b), which stated petitioner had been convicted of an aggravated felony as defined in 8 U.S.C. § 1101(a)(43)(B). (ECF No. 1, ¶ 30; ECF No. 1-10.) Petitioner expressed fear of removal to Honduras, was found to have established a credible fear, and was placed in withholding-only removal proceedings. (ECF No. 1, ¶ 30.)

Petitioner filed a petition for review of his FARO to the Ninth Circuit. (ECF No. 1, ¶ 30.) The Ninth Circuit has held the petition for review in abeyance pending a precedential decision on the applicable filing deadline. (Id.) At the time of filing petitioner's reply brief, the petition had been held in abeyance for nearly a year with no clear indication of when the relevant decision will be filed. (ECF No. 6 at 11.)

////

On May 15, 2025, petitioner had a bond hearing before an immigration judge (IJ) pursuant to Aleman Gonzalez v. Whitaker, 325 R.D. 616 (N.D. Cal. June 5, 2018), rev'd and remanded in Garland v. Aleman Gonzalez, 596 U.S. 543 (2022). (ECF No. 5-3.) The IJ denied bond, finding "DHS has met its burden to establish that the respondent is a danger to the community." (Id.)

On September 24, 2025, the IJ denied petitioner's applications for withholding of removal and protection under the Convention Against Torture (CAT). (ECF No. 1, ¶ 32.) Petitioner timely filed an appeal to the Board of Immigration Appeals (BIA) which is pending. (Id.)

The petition asserts three claims for relief: (1) Violation of the Fifth Amendment: Substantive Due Process; (2) Violation of the Fifth Amendment and the Immigration and Nationality Act (INA), 8 U.S.C. § 1231(a)(6), and (3) Violation of Fifth Amendment: Procedural Due Process. (ECF No. 1, ¶¶ 110-125.)

Respondent argues petitioner's detention is constitutional under the test of Mathews v. Eldridge, 424 U.S. 319, 335 (1976). (ECF No. 6 at 4-6.) Respondent also argues claims regarding conditions of confinement are not cognizable in this habeas proceeding and that the record reflects petitioner has received routine care for his medical conditions described in the petition. (Id. at 6.)

**II. Legal Standard**

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

**III. Discussion**

**A. First Claim for Relief (Substantive Due Process)**

The parties agree petitioner is detained under 8 U.S.C. § 1231. Petitioner claims his prolonged immigration detention has become excessive in relation to its regulatory purpose, in violation of his right to substantive due process. (ECF No. 1, ¶¶ 55-87.) He alleges generally the

conditions at California City Detention Facility (CCDF), where he is currently detained since September 2025, are harsh and comparable to or worse than those for state prisoners. (Id., ¶¶ 33-34, 45.) He notes government officials and agencies who have inspected the facility have expressed concerns and that a district court presiding over a class action found a class of plaintiffs at CCDR showed they were likely being deprived of adequate medical care. (Id., ¶¶ 35- 42.)

Petitioner submits medical records and an expert declaration by Dr. Mary Cheffers, MD, indicating he is at high risk for severe wounds and life-threatening infections if not provided adequate follow up and monitoring by medical professionals for his foot conditions of peripheral neuropathy and medical history of previous osteomyelitis. (ECF No. 1-5 at 4.) According to Dr. Cheffers, staff at Golden State Annex where petitioner was first detained failed to properly assess petitioner's medical needs at intake under the normal standard of practice, and upon arrival at CCDF, petitioner's multiple requests for medically appropriate footwear went unanswered. (ECF No. 1-5 at 2-3.) Based on review of petitioner's medical records, Dr. Cheffers opines that several delays in care resulted in serious and avoidable medical complications to petitioner's right foot. (Id. at 4.) Petitioner continues to be at risk for pressure ulcers and future serious infections. (Id.)

Despite the high risk for future infections and complications, petitioner alleges he still does not receive adequate medical care for his foot. (ECF No. 1-4 at 3.) He has complained about the lack of care but has not seen any of his complaints addressed. (Id.) Plaintiff further alleges the general conditions of confinement at CCDF have led to a decline in his mental and physical health. (Id. at 4-5.)

Respondent argues claims regarding conditions of confinement may not be brought under 42 U.S.C. § 2241. (ECF No. 5 at 6.) Otherwise, respondent does not meaningfully engage with petitioner's substantive due process claim, except to state that even if the court considers petitioner's conditions of confinement, "the notes reflect routine care" rather than punitive treatment untethered to legitimate objectives. (ECF No. 5 at 6.)

The substantive component of the Due Process Clause "forbids the government to infringe certain 'fundamental' liberty interests at all, no matter what process was provided, unless the infringement is narrowly tailored to serve a compelling state interest." Reno v. Flores, 507 U.S.

292, 301-02 (1993). "The Supreme Court held more than a century ago that civil detention of a removeable noncitizen violates the Constitution if it is punitive." Doe v. Becerra, 732 F. Supp. 3d 1071, 1078 (N.D. Cal. 2024) (citing Wong Wing v. United States, 163 U.S. 228, 237-38 (1896)); see also United States v. Torres, 995 F.3d 695, 708 (9th Cir. 2021) (holding in the criminal context that a substantive due process violation occurs when detention becomes punitive rather than regulatory, meaning there is no regulatory purpose that can rationally be assigned to the detention or the detention is excessive in relation to its regulatory purpose).

In Torres, to evaluate whether a due process violation occurred in the context of a criminal pretrial detainee, the Ninth Circuit weighed the following factors: "(1) the length of the defendant's pretrial detention; (2) the prosecution's contribution to the delay; and (3) the evidence supporting detention under the Bail Reform Act." 995 F.3d at 708. In this case, the undersigned first considers the length of petitioner's immigration detention, the reasons for the delay, and the evidence supporting a conclusion that he presents a danger to the community or a flight risk.

The length of petitioner's immigration detention, at more than 20 months and counting, is significant, and just under the 21 months the Ninth Circuit found to be "approaching the limits of what due process can tolerate" in the context of a criminal pretrial detainee. Torres, 995 F.3d at 709. In the immigration detention context, the Ninth Circuit has upheld detention that lasted 41 months for a petitioner who received three bond hearings during that time and whose detention would continue while his petition for review was pending in the Ninth Circuit. See Prieto Romero v. Clark, 534 F.3d 1053, 1053 (9th Cir. 2008).

The record indicates the reasons for the delay are largely neutral and result from "the fact that proceedings and decisions in immigration court, the BIA, and the Ninth Circuit take time." Doe v. Chestnut, 810 F. Supp. 3d 1169, 1185 (E.D. Cal. 2025). However, respondents do not dispute that only one month of the delay thus far is attributable to petitioner in that his counsel requested and received an extension of time for briefing. (ECF No. 1, ¶¶ 64-71; ECF No. 5 at 3.)

As to the evidence supporting any conclusion that petitioner presents a danger to the community or a flight risk, petitioner stands convicted of possession with intent to sell methamphetamine and the record contains an IJ's prior finding that DHS met its burden to

establish petitioner was a danger to the community in May 2025. (ECF No. 5-3.) The record does not contain the IJ's reasoning for that conclusion and respondent does not specifically assert petitioner presents any danger to the community. Petitioner submits his own declaration (ECF No. 1-4 at 5-6) and argues he is not a danger or flight risk and that any concerns could be ameliorated by an alternative to detention like electronic monitoring. (ECF No. 1, ¶¶ 77-87.) Respondents do not address those arguments on the merits. Nevertheless, considering the length of petitioner's immigration detention, the reasons for the delay, and that there is some record evidence supporting a conclusion that he presents a danger to the community or a flight risk, petitioner has not established that his detention is punitive and excessive based on these factors.

While several courts have noted the poor conditions at CCDF, petitioner's general conditions of confinement there "do not strongly factor towards a due process violation[.]" Rivas Campos v. Chestnut, No. 1:26-CV-01330 DJC SCR, 2026 WL 1816190, at *12 (E.D. Cal. June 24, 2026), report and recommendation adopted sub nom. Campos v. Chestnut, No. 1:26-CV-01330 DJC SCR, 2026 WL 1899541 (E.D. Cal. July 1, 2026). However, the point at which detention constitutes a due process violation requires a case-by-case analysis. Torres, 995 F.3d at 708. In this case, proper analysis includes consideration of petitioner's unrebutted evidence discussed above showing that delays in receiving medical care while in immigration detention resulted in serious and avoidable prior harm and that he remains at high risk for a serious infection near the site of his toe amputation. [2] (ECF Nos. 1-4, 1-5.) Although petitioner's

---

[2] Courts in this circuit have taken various approaches to determine whether an immigration detainee subject to prolonged detention is entitled to relief under the Fifth Amendment's substantive due process clause. Following the decision of a district court judge in the Northern District of California in Doe v. Becerra, some courts, including at least one judge of this court, have applied a multi-factor test when considering a habeas claim of substantive due process violation brought by an immigration detainee. See Doe v. Chestnut, 810 F. Supp. 3d 1169, 1183 (E.D. Cal. 2025); Doe v. Becerra, 732 F. Supp. 3d 1071 (N.D. Cal. 2024). Cf. Espinoza v. Wofford, No. 1:24-cv-01118-SAB-HC, 2025 WL 1556590, at *7 n.7 (E.D. Cal. June 2, 2025) (acknowledging but declining to adopt and apply the Doe v. Becerra test); E.A.P.C. v. Wofford, No. 1:25-CV-01546-JLT-CDB (HC), 2026 WL 32833, at *11 (E.D. Cal. Jan. 6, 2026) (declining to apply the multi-factor test where the petitioner did not argue for the court do so), report and recommendation adopted, No. 1:25-CV-01546 JLT CDB (HC), 2026 WL 243242 (E.D. Cal. Jan. 29, 2026); Hassan Shafaq v. Warden, et al., No. 1:26-CV-00299 JLT SKO, 2026 WL 1785249, at *4 (E.D. Cal. June 22, 2026) ("this Court adopts a modified version of Doe's five factor test").

unrebutted medical evidence is deeply concerning, there is no additional or recent evidence in the record to suggest that his conditions have significantly worsened. The facts in the record do not show a constitutional violation necessitating petitioner's immediate release. See Guillermo M.R. v. Albarran, No. 25-CV-05436-RFL, 2026 WL 1486580, at *5 (N.D. Cal. May 27, 2026) (finding that while the letter of support from petitioner's doctor indicating that petitioner's lack of access to medical care at CCDF was causing various mental and psychological conditions, that was insufficient to show a constitutional violation necessitating petitioner's release).

Detention during deportation proceedings is a constitutionally valid aspect of the process. Demore v. Kim, 538 U.S. 510, 523 (2003). The government has an understandable interest in detaining noncitizens to ensure attendance at immigration proceedings, improve public safety, and promote compliance with the immigration laws. See id. at 521; see also Jennings v. Rodriguez, 583 U.S. 281, 286 (2018) (explaining that Congress has authorized immigration officials to detain some classes of noncitizens during the course of certain immigration proceedings to give immigration officials time to determine a noncitizen's status without running the risk of that person absconding or engaging in criminal activity before a final decision can be made). Thus, the government has significant interests in detaining noncitizens pending removal and those interests only increase as time passes. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1208 (9th Cir. 2022).

Petitioner is ordered removed and detained under 8 U.S.C. §1231, the reasons for the delays thus far are largely neutral, and the record contains an IJ's prior finding that DHS established he was a danger to the community. Petitioner has not shown his detention serves no regulatory purpose or that it is excessive in relation to its regulatory purpose in violation of substantive due process.

**B. Second Claim for Relief (Fifth Amendment and INA)**

Under 8 U.S.C. § 1231, noncitizens who have final removal orders "shall" be detained for the first 90 days after their removal orders are finalized (known as the "removal period"), 8 U.S.C. § 1231(a)(2), and "may be detained beyond the removal period," id., § 1231(a)(6). Although the text of § 1231 contains no time limit on detention, the Supreme Court has held via

the canon of constitutional avoidance that § 1231 implicitly contains a limit to a period of detention reasonably necessary to bring about the noncitizen's removal from the United States. Zadvydas, 533 U.S. at 689. The presumptively reasonable timeframe for detaining a noncitizen is six months after issuance of a final removal order. Id. at 701. "After this 6–month period, once the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Id.

Petitioner's FARO is a final order of removal based on a streamlined proceeding for which there is no available review before an IJ or the BIA. See Riley v. Bondi, 606 U.S. 259, 267 (2025). Thus, petitioner's 90-day removal period began on November 15, 2024, and expired on February 13, 2025. See 8 U.S.C. § 1231(a)(1)(B)(i). The presumptively reasonable six-month period under Zadvydas expired on August 13, 2025.

Petitioner asserts his removal is not reasonably foreseeable. (ECF No. 1, ¶¶ 88-94.) He notes the merits of his withholding of removal and deferral of removal under CAT proceedings are on appeal before the BIA and were pending without a briefing schedule for 8 months at the time of filing the petition. (Id., ¶ 93.) After the petition was filed, the BIA issued a briefing schedule on June 8, 2026. (ECF No. 5-4 at 1.) After an extension of time requested by petitioner's counsel was granted, the BIA set the briefing deadline for July 20, 2026. (Id. at 4.) Petitioner provides evidence in the form of a declaration by his counsel for removal proceedings that BIA decisions are currently pending up to a year after briefing is complete. (ECF No. 1-3 at 3.)

In addition, the Ninth Circuit has held the petition for review of petitioner's FARO in abeyance since it was filed, pending a forthcoming precedential decision in a different case. (ECF No. 1-14.)

Respondent argues petitioner is not entitled to relief under the Zadvydas framework because his detention is neither indefinite nor potentially permanent. (ECF No. 5 at 6.) However, petitioner has been in immigration detention for more than 20 months and put forth good reason to believe there is no significant likelihood of his removal in the reasonably foreseeable future. Petitioner's showing suffices to shift the burden to respondent. See Zadvydas, 533 U.S. at 700.

The undersigned has found that having a pending application in which a petitioner has requested withholding of removal can support a finding that there is not a significant likelihood of removal in the reasonably foreseeable future. Varela v. Warden, Golden State Det. Facility, No. 1:26-CV-1869-DJC-CKD P, 2026 WL 1158202, at *2 (E.D. Cal. Apr. 29, 2026), report and recommendation adopted, No. 1:26-CV-1869-DJC-CKD, 2026 WL 1257828 (E.D. Cal. May 7, 2026). Some courts find the fact that an appeal remains pending is sufficient to shift the burden to the government in this context. See, e.g., Alarcon v. Bowen, No. 5:26-CV-00204-MEMF-DFM, 2026 WL 879609, at *3 (C.D. Cal. Mar. 31, 2026); but see also William v. Chestnut, No. 1:26-CV-04118-DAD-CSK (HC), 2026 WL 1622926, at *2 (E.D. Cal. June 5, 2026) (citing collected cases holding an appeal pending with the BIA provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future and noting also some courts have held the existence of such an appeal, alone, does not show relief is warranted).

Petitioner has an appeal of the denial of withholding of removal and deferral of removal under CAT pending to the BIA. Separately, petitioner has a petition for review of his FARO held in abeyance by the Ninth Circuit. Under petitioner's evidence, it could take up to a year or more to receive a decision from the BIA and there is no clear end in sight for petitioner's proceedings before the BIA and the Ninth Circuit.

Respondents do not respond with any specific evidence to rebut petitioner's showing. In opposition, they simply argue petitioner is not entitled to relief under the framework of Zadvydas because his detention is neither indefinite nor potentially permanent. (ECF No. 5 at 2.)

Respondents do not provide any specific reasons why petitioner's detention is reasonably foreseeable, even upon conclusion of proceedings discussed above, and have not provided any evidence that petitioner's removal would be prompt following both a denial of his appeal to the BIA and a decision of the Ninth Circuit on the petition for review that is held in abeyance. Respondents have not shown a travel document has been issued or could be issued swiftly. See William v. Chestnut, 2026 WL 1622926, at *2 (relying on absence of such a showing to find respondents did not rebut the petitioner's showing). Respondents have failed to rebut petitioner's showing. See Aguilar Guerrero v. Warden of the California City Det. Facility, No. 1:26-CV-

2499-TLN-JDP, 2026 WL 1329734, at *3 (E.D. Cal. May 13, 2026), report and recommendation adopted sub nom. A.G. v. Warden of the California City Det. Facility, No. 1:26-CV-2499-TLN-JDP, 2026 WL 1457552 (E.D. Cal. May 22, 2026) ("respondent does not show that petitioner's removal… would be effectuated promptly if her withholding request is ultimately denied [and] gives no indication that a travel document has been issued or could be issued soon").

Where the government has failed to rebut petitioner's showing that there is no significant likelihood of removal in the reasonably foreseeable future, the court should find petitioner's "continued detention is no longer authorized by statute." Zadvydas, 533 U.S. at 699-700. The proper remedy is petitioner's release on appropriate conditions of supervision. See 8 C.F.R. § 241.5 (conditions of release after removal period); Zadvydas, 533 U.S. at 700 ("the [noncitizen]'s release may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the [noncitizen] may no doubt be returned to custody upon a violation of those conditions"); see also, e.g., Junior R.G. v. U.S. Immigr. & Customs Enf't, No. 1:25-CV-01948-TLN-SCR, 2026 WL 1831067, at *3 (E.D. Cal. June 25, 2026) (explaining that criminal history does not ordinarily offer an independent basis for continued detention where removal is not reasonably foreseeable); Castillo v. Chestnut, No. 1:25-cv-01296-SAB-HC, 2026 WL 121652, at *14 (E.D. Cal. Jan. 16, 2026) (concerns about the safety of the community due to a petitioner's criminal history are appropriately addressed through the conditions of supervision).

In light of the conclusion that petitioner's continued detention is not authorized by statute, the court need not decide whether continued detention violates the Fifth Amendment. In light of the recommendation that the petition be granted and petitioner be released from custody for a violation of the INA, in the interests of judicial economy, the undersigned declines to address petitioner's third claim for relief asserting a violation of procedural due process.

**IV. Recommendation**

For the reasons set forth above**,** IT IS RECOMMENDED as follows:

1. Petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2241 be granted.
2. Respondents be ordered to immediately release petitioner subject to an order of supervision in accordance with 8 U.S.C. § 1231(a)(3) and 8 C.F.R. § 241.5.

3. The Clerk of the Court be directed to enter judgment and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven (7)** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven (7)** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 31, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 H.G.S.4078.mer