UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| H.G.S., A-240-169-769,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT, et al.,<br><br>Respondents. | No.  1:26-cv-04078-DC-CKD (HC)<br><br>ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS AND GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS<br><br>(Doc. No. 8) |

Petitioner, an immigration detainee proceeding through counsel, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 31, 2026, the assigned magistrate judge filed findings and recommendations herein, which were served on all parties and contained notice that any objections to the findings and recommendations were to be filed within seven days. (Doc. No. 8.) Respondents timely filed objections to the findings and recommendations. (Doc. No. 10.) For the reasons explained below, the court will adopt in part the findings and recommendations and grant in part Petitioner's petition for writ of habeas corpus.

## BACKGROUND

The magistrate judge detailed the factual background relating to Petitioner's immigration and detention history in the findings and recommendations. (Doc. No. 8 at 1–3.) The court hereby

1

incorporates that factual background into this order.

Petitioner filed the pending petition for writ of habeas corpus challenging his continuing immigration detention on May 28, 2026. (Doc. No. 1.) Petitioner argues that his continuing detention, which began on November 14, 2024, is unlawful as: (1) violating his Fifth Amendment right to Substantive Due Process; (2) violating his Fifth Amendment right to Due Process under *Zadvydas v. Davis*, 533 U.S. 678 (2001); and (3) violating his Fifth Amendment right to Procedural Due Process.

On June 14, 2026, Respondents filed their answer to Petitioner's habeas petition arguing that Petitioner is lawfully detained under 8 U.S.C. § 1231(a)(6), that his detention under that statute is not subject to the *Zadvydas* six-month period of presumptively reasonable detention because the only delay to his removal results from his pending appeal of the denial of his withholding-only claim, and because Petitioner previously received a custody redetermination hearing in May 2025. (Doc. No. 5 at 3–6.)

On June 26, 2026, Petitioner filed a reply thereto arguing that Petitioner's extensive detention is unconstitutional under *Zadvydas* because, while "[o]rdinary withholding-only proceedings have a definitive end-date," here "the Ninth Circuit is indefinitely holding [Petitioner's] petition for review of his proceedings in abeyance while it decides how the Supreme Court's decision in *Riley v. Bondi*, 145 S. Ct. 2190 (2025), impacts review for petitioners in [Petitioner's] procedural posture." (Doc. No. 6 at 11.) Petitioner additionally argues that, separate and apart from his *Zadvydas* claim, "courts have routinely found mandatory civil detention to be unreasonably prolonged despite the possibility of a future end-date to proceedings, and afforded immigrant detainees bond hearings on the basis of prolonged detention alone." (*Id.*) Petitioner emphasizes that, in the year-plus since his May 2025 bond hearing, he "has taken additional classes and participated in further group rehabilitative work, and his health has significantly declined" but that without the court's "intervention, he cannot present this new evidence to a neutral adjudicator." (*Id.* at 13.)

On July 31, 2026, the magistrate judge filed the pending findings and recommendation in which the magistrate judge finds that Petitioner "has been in immigration detention for more than

2

20 months and" his that appeal being held in abeyance constitutes "good reason to believe there is no significant likelihood of his removal in the reasonably foreseeable future." (Doc. No. 8 at 8.) Thus, the magistrate judge recommends that Petitioner be immediately released subject to an order of supervision in accordance with 8 U.S.C. § 1231(a)(3) and 8 C.F.R. § 241.5. (*Id.* at 10.)

On August 7, 2026, Respondents filed objections to the findings and recommendations in which they argue that "every appellate court to address" Petitioner's procedural posture "holds that *Zadvydas* relief does not apply where the only impediment to removal is the noncitizen's own withholding-only or [Convention Against Torture] appeal." (Doc. No. 10 at 2) (citing *Castaneda v. Perry*, 95 F.4th 750, 757–58 (4th Cir. 2024); *G.P. v. Garland*, 103 F.4th 898, 902 (1st Cir. 2024); *Martinez v. LaRose*, 968 F.3d 555, 563–65 (6th Cir. 2020)). Respondents additionally contend that the findings and recommendations did not address the previous immigration judge's determination that Petitioner constituted a danger to the community, and that Petitioner did not appeal that determination, such that the "uncontested danger determination heightens the governments interests in continued detention pending removal." (*Id.* at 3.)

Petitioner did not file objections to the findings and recommendations nor a response to Respondents' objections.

## LEGAL STANDARD

Any party may object to a magistrate judge's case dispositive findings and recommendations. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b); L.R. 303. The district court must make a *de novo* determination of those portions of the magistrate's findings to which an objection is made and may accept, reject, or modify, in whole or in part, the findings and recommendation made by the magistrate. *Id*. *De novo* review means the court must consider the matter anew, the same as if it had not been heard before and as if no decision previously had been rendered. *Ness v. Commissioner*, 954 F.2d 1495, 1497 (9th Cir. 1992). Thus, although the district court need not hold a *de novo hearing*, the court's obligation is to arrive at its own independent conclusion about those portions of the magistrate's findings or recommendation to which objections are made. *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989).

/////

**DISCUSSION**

Respondents object to the magistrate judge's finding that Petitioner's continued detention violates his Fifth Amendment right to Due Process because, they argue, the only obstacle to Petitioner's removal is his pending appeal of the immigration judge's denial of his request for withholding of removal and protection under the Convention Against Torture.[1] (Doc. No. 10 at 2.) Specifically, Respondents argue that "every appellate court to address this [issue] holds that *Zadvydas* relief does not apply where the only impediment to removal is the noncitizen's own withholding-only or CAT appeal." (*Id.*) Indeed, this court has similarly found that a noncitizen detained pursuant to 8 U.S.C. § 1231(a)(6) during withholding-only proceedings was not entitled to release under *Zadvydas*—even though his post-removal order detention exceeded six months— because there was "no evidence before the court that the government would not otherwise be able to expeditiously remove Petitioner to" his identified removal country. *J.R.M.J. v. Wofford*, No. 1:25-cv-01567-DC-SCR, 2026 WL 1948264, at *5 (E.D. Cal. July 6, 2026); *see also Prieto Romero v. Clark*, 534 F.3d 1053, 1062 (9th Cir. 2008) (stating that unlike the petitioners in *Zadvydas*, the petitioner "face[d] a significant likelihood of removal in the reasonably foreseeable future because the government can repatriate him to Mexico if his pending bid for judicial relief from his administratively final removal order proves unsuccessful"); *Castaneda*, 95 F.4th at 757 ("In this case, [the petitioner's] detention simply is not the type of 'indefinite and potentially permanent' detention at issue in *Zadvydas*" because the petitioner "is being detained pending the completion of withholding-only proceedings that he voluntarily initiated" and "ongoing withholding-only proceedings, even lengthy ones, simply do not present the same risk of 'indefinite and potentially permanent' detention at issue in *Zadvydas*").

In the findings and recommendations, the magistrate judge emphasizes that Petitioner's pending appeal before the BIA, and his separate appeal currently held in abeyance before the

---

[1] The magistrate judge also found that Petitioner's continued detention does not constitute a violation of his Fifth Amendment right to Substantive Due Process. (Doc. No. 8 at 3–7.) Neither party objected to that finding. Having conducted a *de novo* review of the entire file, and of the finding and recommendations, the court agrees and adopts the magistrate judge's analysis and conclusion that Petitioner has not shown a violation of his Fifth Amendment right to Substantive Due Process.

Ninth Circuit, merit release because under these circumstances, "it could take up to a year or more to receive a decision from the BIA and there is no clear end in sight for [P]etitioner's proceedings before the BIA and the Ninth Circuit." (Doc. No. 8 at 9.) However, that Petitioner's detention will become even more prolonged while he lawfully pursues his withholding appeal does not indicate that his detention is "indefinite and potentially permanent" like the petitioners' detention in *Zadvydas. See Castaneda*, 95 F.4th at 758 ("The absence of a date certain—imminent or not—for the conclusion of [appellate] proceedings is of no moment" because "[w]hat matters, the Supreme Court teaches, is that [the petitioner's] detention has a definite termination point: the conclusion of the withholding-only proceedings.") (internal citations omitted). Indeed, numerous circuit courts have found that noncitizens detained for periods of time more prolonged than Petitioner's detention are not entitled to release under *Zadvydas* where the only impediment to their removal is their withholding proceedings. *See Castaneda*, 95 F.4th at 762 (declining to provide *Zadvydas* relief to petitioner detained for over four years); *Prieto Romero*, 534 F.3d at 1068 (same as to petitioner detained for over three years).

Accordingly, the court will decline to adopt the magistrate judge's finding that Petitioner is entitled to immediate release under *Zadvydas* as relief for his procedural due process claim.

This does not, however, end the analysis as to Petitioner's procedural due process claim. In *J.R.M.J.*, this court employed the *Mathews*[2] analysis to determine that Petitioner's seven-month detention, when combined with procedural concerns relating to the revocation of his supervised release, entitled Petitioner to a bond hearing at which the government bore the burden of justifying the petitioner's continued detention by clear and convincing evidence. Here, as in *J.R.M.J.*, Petitioner's over two-year detention has undoubtedly grown prolonged. Further, as in *J.R.M.J.*, procedural irregularities in Petitioner's immigration proceedings weigh heavily toward the court providing additional protections to ensure that he does not suffer an erroneous deprivation of his liberty. Specifically, Petitioner's appeal before the Ninth Circuit has been held in abeyance such that it is entirely unclear when that appeal will be considered on the merits.

---

[2] *Mathews v. Eldridge*, 424 U.S. 319 (1976)

5

Further, it has been more than a year since Petitioner was last provided a custody redetermination hearing, and in that time Petitioner "has taken additional classes and participated in further group rehabilitative work, and his health has significantly declined." (Doc. No. 6 at 13.) This court has found that a noncitizen subject to mandatory immigration detention may be constitutionally entitled to a subsequent bond hearing where material changed circumstances have occurred since the previous hearing. *See Nasar v. Warden of Cal. City Det. Ctr.*, No. 2:26-cv-00433-DC-AC, 2026 WL 731160, at *4–6 (E.D. Cal. Mar. 13, 2026).

Accordingly, the court will adopt in part the magistrate judge's finding that Petitioner's prolonged detention since his last bond hearing violates his Fourth Amendment right to Procedural Due Process but will decline the recommendation that this violation mandates his immediate release. Instead, the court will order that Respondents provide Petitioner with a bond hearing.

**CONCLUSION**

For the reasons explained above,

1.      The magistrate judge's findings and recommendations (Doc. No. 8) are ADOPTED IN PART;

2.      Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED IN PART as follows:

a.      Within fourteen (14) days from the date of entry of this order, Respondents are ORDERED to provide Petitioner H.G.S. (A-240-169-769) a bond hearing before an immigration judge at which the government shall bear the burden of proving, by clear and convincing evidence, that Petitioner is either a flight risk or risk to community safety such that Petitioner's continued immigration detention is justified; and

b.      If Respondents fail to provide Petitioner a bond hearing within fourteen (14) days, Petitioner shall be immediately released from Respondents' custody subject to an order of supervision in accordance with 8 U.S.C. § 1231(a)(3) and 8 C.F.R. § 241.5;

3.      The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and

4.   The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated:   **August 11, 2026**

_____
Dena Coggins
United States District Judge